UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JACK VENTON VENABLE, JR. and WILLIAM AGUIRRE, individually and on behalf of all others similarly situated | CIVIL ACTION NO. 6:16-cv-00241 |
| VERSUS | JUDGE DRELL |
| SCHLUMBERGER LIMITED (SCHLUMBERGER N.V.) fka SMITH INTERNATIONAL, INC. | MAGISTRATE JUDGE HANNA |

### REPORT AND RECOMMENDATION

Before the court is the plaintiff's motion for conditional certification of a class of allegedly similarly-situated plaintiffs under Section 216(b) of the Fair Labor Standards Act ("FLSA"), approval of a proposed notification to putative class members, and approval of a proposed consent form. (Rec. Doc. 14). The motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. (Rec. Doc. 26). The motion is opposed. No oral argument was held, and the motion was decided on the basis of the briefs submitted by the parties. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that the motion be GRANTED IN PART and DENIED IN PART, as is fully explained below.

## BACKGROUND

Jack Venton Venable, Jr. and William Aguirre initiated this lawsuit by filing a collective action complaint, individually and on behalf of all others similarly situated, against "Schlumberger Limited (Schlumberger N.V.) fka Smith International, Inc.," alleging violations of the FLSA. Smith International, Inc. answered the suit, identifying itself as the named plaintiffs' former employer and the proper defendant, and explaining that it was incorrectly identified in the plaintiff's complaint.[1] In its answer, Smith admitted that Mr. Venable and Mr. Aguirre were formerly employed by Smith as SERVCO Field Specialists. (Rec. Doc. 4 at 3). Smith further admitted that they "were paid a base salary intended to compensate them for all hours worked and received additional compensation." (Rec. Doc. 4 at 2, 9). In affidavits supporting Smith's opposition to the pending motion, Smith presented evidence showing that Mr. Venable was employed in Smith's DT&R segment from July 3, 2012 until September 24, 2015, when his position was eliminated as part of a reduction of force due to business needs,[2] and that Mr. Aguirre

---

[1] In its corporate disclosure statement (Rec. Doc. 7), Smith explained that it is a corporation wholly-owned by Schlumberger Holdings Corporation, with Schlumberger Limited being its ultimate parent company.

[2] Rec. Doc. 16-1 at 2.

was employed by Smith in its DT&R segment from May 14, 2012 until December 4, 2015, when his position was similarly eliminated.[3]

In their complaint, the plaintiffs alleged that they and his similarly situated coworkers, which they referred to as "Reamer Hands," were improperly classified as exempt employees and denied overtime wages. In the complaint, the plaintiffs also alleged that "[m]any Reamer Hands worked with Plaintiff[s] and reported they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA." (Rec. Doc. 1 at 6). In the pending motion, the plaintiffs seek conditional certification of this action as a collective action under 29 U.S.C. § 216(b) consisting of "All Reamer Hands employed by Schlumberger Limited (Schlumberger N.V.) fka Smith International, Inc. in the past 3 years who were paid a salary and job bonus." (Rec. Doc. 1 at 2). They also seek (1) an order approving notice, consent, and reminder forms; (2) an order requiring the defendant to produce contact information for the putative class members including telephone numbers and e-mail addresses; (3) an order that judicially-approved notice be sent to all putative class

---

[3] Rec. Doc. 16-2 at 2. In a separate motion for summary judgment (Rec. Doc. 17), Smith argued that Mr. Aguirre executed a waiver of his right to participate in a collective action against Smith. The substance of that motion is not germane to the resolution of the motion for conditional certification and will be addressed separately.

members by first class mail and e-mail; and (5) an order authorizing a sixty-day period for putative class members to join the case. (Rec. Doc. 14-1 at 7-8, 18).

In support of the motion, declarations of both named plaintiffs were submitted, attesting that each was formerly employed by Smith as a Reamer Hand, that the work was manual in nature without any supervisory duties, that they were paid a salary and day rate but no overtime, that other Reamer Hands performed similar work and were paid in a similar manner, and that other Reamer Hands would be interested to learn about their rights and their opportunity to opt in to the lawsuit. (Rec. Docs. 14-3, 14-4).

Smith opposed the motion, arguing that (1) the plaintiffs failed to provide evidence of a nationwide policy, plan, or practice with regard to the payment of Reamer Hands, (2) the named plaintiffs and the other members of the proposed class were properly classified as exempt, (3) the members of the proposed class are not similarly situated because several potential class members waived their right to participate in a collective action, (4) the plaintiffs have not shown that there are others who want to join the lawsuit, and (5) the proposed notice is improper.

## LAW AND ANALYSIS

### A. LEGAL STANDARD

The FLSA sets a general minimum wage for employees engaged in commerce,[4] and it requires covered employers to compensate nonexempt employees at overtime rates for time worked in excess of statutorily-defined maximum hours.[5]  The FLSA also creates a cause of action for violations of its provisions, permitting a plaintiff to maintain an action on "behalf of himself. . . and other employees similarly situated."[6] The remedial nature and purpose of the FLSA "militate strongly in favor of allowing cases to proceed collectively."[7]  A collective action affords plaintiffs "the advantage of lower individual costs to vindicate rights by the pooling of resources.  The judicial system benefits by efficient resolution in one proceeding of common issues of law and fact. . . ."[8]

---

[4] 29 U.S.C. § 206(a)(1).

[5] 29 U.S.C. § 207(a).

[6] 29 U.S.C. § 216(b).

[7] *West v. Lowes Home Centers, Inc.*, No. 6:09-1310, 2010 WL 5582941, at *3 (W.D. La. Dec. 16, 2010), report and recommendation adopted, No. 6:09-1310, 2011 WL 126908 (W.D. La. Jan. 14, 2011) (quoting *Roussell v. Brinker Int'l, Inc.*, No. H-05-3733, 2008 WL 2714079, at *24 (S.D. Tex. July 9, 2008)).

[8] *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989); *Green v. Plantation of Louisiana*, No. 2:10-0364, 2010 WL 5256354, *3 (W.D. La. Nov. 24, 2010), report and recommendation adopted, No. 2:1-0364, 2010 WL 5256348 (W.D. La. Dec. 15, 2010); *Boudreaux v. Schlumberger Technology Corp.*, No. 6:14-2267, 2015 WL 796602, *2 (W.D. La. Feb. 25, 2015).

Unlike class actions brought under Fed. R. Civ. P. 23, a collective action under the FLSA provides an "opt-in" rather than an "opt-out" procedure for potential plaintiffs,[9] stating that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."[10] District courts have discretionary power to implement the collective action procedure in FLSA actions by facilitating notice to potential plaintiffs.[11] Notice must be "timely, accurate, and informative."[12]

Courts recognize two methods for making the "similarly situated" determination and deciding whether notice should be given. These methods are the two-step *Lusardi* approach and the class-action based *Shushan* approach.[13] The Fifth Circuit has found it unnecessary to determine which method is most appropriate.[14]

---

[9] *Mooney v. Aramco Services*, 54 F.3d 1207, 1212 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003); *LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 289 (5th Cir. 1975)

[10] 29 U.S.C. § 216(b).

[11] *Lentz v. Spanky's Restaurant II, Inc.*, 491 F.Supp.2d 663, 667 (N.D. Tex. 2007) (citing *Hoffman-La Roche Inc.*, 493 U.S. at 169).

[12] *Hoffmann-La Roche Inc.*, 493 U.S. at 172.

[13] See *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J.1987); *Shushan v. Univ. of Colo. at Boulder*, 132 F.R.D. 263 (D.Colo. 1990).

[14] *Mooney*, 54 F.3d at 1216.

However, the prevailing method seems to be the "two-step" approach.[15] Based on the foregoing, this Court finds that the "two-step" method is the preferred method in the Fifth Circuit and will use it in this case.

The Fifth Circuit described the *Lusardi* approach in detail:

The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision – usually based only on the pleadings and any affidavits which have been submitted – whether notice of the action should be given to potential class members.

Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.

The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives – i.e. the original plaintiffs – proceed to trial on their individual claims.[16]

---

[15] See, e.g., *Lang v. DirecTV, Inc.*, 735 F.Supp.2d 421, 435 (E.D. La. 2010); *LaChapelle*, 513 F.2d at 288 (finding a "fundamental" difference between Rule 23 class actions and FLSA collective actions).

[16] *Mooney*, 54 F.3d at 1213-14 (internal footnote signal omitted).

Because this case is currently at the "notice stage," this Court must decide whether conditional certification should be granted and whether notice of the action and the right to opt-in should be given to potential class members.

"At the notice stage, the plaintiff bears the burden of making a preliminary factual showing that at least a few similarly situated individuals exist. The plaintiff may satisfy his or her burden through submission of evidence in the form of pleadings, affidavits[,] and other supporting documentation."[17] "At the notice stage, 'courts appear to require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination.'"[18] "Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in conditional certification of a representative class where potential class members receive notice and the opportunity to opt-in."[19] The lenient standard requires only substantial

---

[17] *Lima v. International Catastrophe Solutions, Inc.*, 493 F.Supp.2d 793, 798 (E.D. La., 2007) (internal citations omitted).

[18] *Mooney*, 54 F.3d at 1214 n. 8 (quoting *Sperling v. Hoffmann-La Roche, Inc.*, 118 F.R.D. 392, 407 (D.N.J.,1988)).

[19] *Melson v. Directech Southwest, Inc.*, No. 07-1087, 2008 WL 2598988, at *3 (E.D. La. June 25, 2008) (quoting *Mooney*, 54 F.3d at 1214 (internal quotation marks omitted)).

allegations that potential members "were together the victims of a single decision, policy, or plan."[20]

## B.    CONDITIONAL CERTIFICATION

In this case, the plaintiffs bear the burden of making a preliminary factual showing that there are similarly-situated individuals and that the named plaintiffs and these other individuals were all paid in accordance with a single decision, policy, or plan. As noted above, no proof is necessary at this stage, just substantial allegations. To meet this burden, the plaintiffs submitted their own declarations in addition to the allegations set forth in their complaint. The complaint alleged that the plaintiffs and their coworkers were employed by Smith as Reamer Hands, which required technical and manual labor duties, that Reamer Hands often worked more than forty hours per week, and that all Reamer Hands were paid a salary and a bonus but no overtime. The plaintiffs alleged that Smith hired, trained, and deployed Reamer Hands in Louisiana, Texas, and the Gulf of Mexico. The plaintiffs expressly alleged that there was a uniform practice or policy by which Smith's Reamer Hands were compensated. The allegations of the complaint were reiterated in the plaintiffs' declarations, along with more detail concerning the tasks involved in performing a Reamer Hand's job duties. In the declarations, the plaintiffs asserted that, based on their own personal

---

[20]    *Mooney*, 54 F.3d at 1214 n. 8.

knowledge, there were a number of other Reamer Hands who performed similar work and were paid in the same manner, with a salary and job bonus but no overtime pay. Smith presented five arguments against conditional certification, each of which will be addressed in turn.

    **1.**    **EVIDENCE OF A NATIONWIDE POLICY, PLAN, OR PRACTICE**

Smith's first argument is that no conditional class should be certified because the plaintiffs failed to establish that there was a nationwide policy, plan, or practice to pay its Reamer Hands in a manner that violated the FLSA. This argument is meritorious in that the plaintiffs did not allege in their complaint or in the supporting declarations that Smith employed Reamer Hands who worked at various locations across the country. The plaintiffs argued in support of conditional certification that there was a "widespread corporate policy" (Rec. Doc. 14-1 at 6), that Smith's website recruited "Reamer Hands for positions located throughout the United States" (Rec. Doc. 14-1 at 9), and that the putative class members "all work in the same business unit" (Rec. Doc. 14-1 at 13). In their complaint, however, the plaintiffs alleged that Smith failed to pay overtime at rates required by the FLSA as a result of a "generally applicable, systematic policy and/or practice which are not dependent on the personal circumstances of any member of the Reamer Hands." (Rec. Doc. 1 at 6). They also alleged in their complaint that Smith's Reamer Hands worked only at "locations

-10-

through Louisiana, Texas[,] and Gulf of Mexico." (Rec. Doc. 1 at 4). The plaintiffs further alleged in their complaint that Smith "hires, trains[,] and deploys these Reamer Hands in Louisiana, Texas[,] and in the Gulf of Mexico." (Rec. Doc. 1 at 4). There is no express allegation of a nationwide practice, nor is there a request for a nationwide class of similarly situated individuals. The plaintiffs' complaint can be read only in one way: the plaintiffs seek the certification of a class of Reamer Hands who worked for Smith in Louisiana, Texas, or the Gulf of Mexico.

Accordingly, the plaintiffs' allegations mandate limiting the class to Reamer Hands who worked in Louisiana, Texas, or the Gulf of Mexico.

### 2. CLASSIFICATION OF THE REAMER HANDS AS EXEMPT

Smith argued that the named plaintiffs and the other members of the proposed class were properly classified as exempt from overtime payments under the FLSA. Whether an exemption applies is a merits-based defense "that courts in this district typically hold to be irrelevant at this initial, notice stage of the case."[21] This Court is not currently faced with resolving the merits of this case. Accordingly, analysis of this topic is reserved until a ruling on the merits of the case is required.

---

[21] *Jones v. Cretic Energy Services, LLC*, 149 F.Supp.3d 761, 774 (S.D. Tex. 2015).

### 3. OTHER SIMILARLY SITUATED INDIVIDUALS

Smith argues that the plaintiffs have not established that there are other similarly situated individuals. The named plaintiffs bear the burden of establishing that they are "similarly situated" to the members of the proposed class.[22] The FLSA does not define the term "similarly situated." However, under the jurisprudence, whether employees are similarly situated is determined in reference to their job requirements and with regard to their pay provisions.[23] "Similarly situated" does not mean identically situated.[24] Thus, "[s]light differences in job duties or functions do not run afoul of the similarly situated requirement."[25] However, "if the job duties among potential members of the class vary significantly, then class certification

---

[22] *Lima*, 493 F.Supp.2d at 798 (citing *Dybach v. Florida Dep't of Corr.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991)).

[23] *Xavier v. Belfor USA Group, Inc.*, 585 F.Supp.2d 873, 877 (E.D. La. 2008); *Lima*, 493 F.Supp.2d at 798.

[24] *Boudreaux*, 2015 WL 796602 at *3.

[25] *Boudreaux*, 2015 WL 796602 at *3; *Tolentino v. C & J Spec-Rent Services, Inc.*, 716 F.Supp.2d 642, 652 (S.D. Tex. 2010).

should not be granted."[26]  Likewise, if the named plaintiffs and the potential class members are compensated differently, class certification is not appropriate.[27]

The defendant argued that the plaintiffs failed to demonstrate that they are similarly situated to the proposed class members.  More particularly, the defendant argued that many potential plaintiffs, including Mr. Aguirre, waived their rights to participate in an FLSA collective action and, for that reason, are not similarly situated to Mr. Venable and other potential plaintiffs.  This Court agrees that any Smith Reamer Hands who signed agreements in which they waived their right to participate in collective actions against Smith are not similarly situated to Mr. Venable.  However, the very fact that there is no evidence that Mr. Venable signed such an agreement indicates that there likely are other Reamer Hands who similarly did not waive their right to assert FLSA claims in a collective action.  This argument does not foreclose the existence of similarly situated individuals.

---

[26] *Boudreaux*, 2015 WL 796602 at *3 (citing *Dreyer v. Baker Hughes Oilfield Operations, Inc*., No. H-08-1212, 2008 WL 5204149, at *2 (S.D. Tex. Dec. 11, 2008) and *Harris v. Fee Transportation Services, Inc*., No. 3:05CV0077-P, 2006 WL 1994586, *5 (N.D. Tex. May 15, 2006)).

[27] *Green v. Plantation of Louisiana, LLC*, No. 2:10-0364, 2010 WL 5256354, at *4 (W.D. La. Nov. 24, 2010), report and recommendation adopted, No. 2:10-0364, 2010 WL 5256348 (W.D. La. Dec. 15, 2010) (citing *Lentz*, 491 F.Supp.2d at 669 and *Sheffield v. Orius Corp*., 211 F.R.D. 411, 413 (D. Or. 2002) (collective action certification denied based on the fact that potential plaintiffs held different job titles, with different payment structures – piece-rate, hourly, and salary)).

"Courts have repeatedly stressed that Plaintiffs must only be similarly – not identically – situated to proceed collectively."[28] Conditional certification is appropriate when there is "a demonstrated similarity among the individual situations. . . [and] some factual nexus which binds the named plaintiffs and the potential class members together as victims of a particular alleged [policy or practice]."[29] Whether employees are "similarly situated" for purposes of the FLSA is determined in reference to their "job requirements and with regard to their pay provisions."[30] Here, the plaintiffs offered their own personal observations with regard to job duties and pay rates, which were not refuted by the defendant. The plaintiffs' substantial allegations are sufficient, at this early stage of the litigation, to support conditional certification of a class.

### 4. IDENTIFICATION OF AND DECLARATIONS FROM OTHER PLAINTIFFS ARE UNNECESSARY

Smith argued that conditional certification should not be granted because the plaintiffs failed to identify other persons who are interested in joining the suit. The plaintiffs need only show that it is reasonable to believe that there are other aggrieved

---

[28] *Prejean v. O'Brien's Response Mgmt., Inc.*, No. 12-1045, 2013 WL 5960674, at *5 (E.D. La. Nov. 6, 2013) (quoting *Falcon v. Starbucks Corp.*, 580 F. Supp. 2d 528, 534 (S.D. Tex. 2008)).

[29] *Xavier*, 585 F. Supp.2d at 877-78.

[30] *Lima*, 493 F.Supp.2d at 798 (citing *Dybach*, 942 F.2d at 1567-68).

employees who were subject to an allegedly unlawful policy or plan.[31] Due to the lenient burden imposed on a plaintiff at the notice stage, it is not necessary that the plaintiffs submit more than one declaration in support of their claims,[32] and in this case two declarations were submitted. Similarly, it is not necessary that the plaintiffs present evidence at this stage that others actually want to opt in to the lawsuit.[33] In the jurisprudence, this is sometimes described as a "chicken and egg problem" because the defendant would have the plaintiff identify persons who wish to opt-in to the lawsuit before notice of the lawsuit has been disseminated, while the plaintiff is seeking to have a notice sent out in an effort to locate those persons who might be interested in opting-in.[34] This Court finds that the submission of declarations only from the two named plaintiffs and the failure to identify others who desire to opt-in to the lawsuit are not sufficient bases on which to deny the motion for conditional certification.

---

[31] *Villarreal v. St. Luke's Episcopal Hosp.*, 751 F.Supp.2d 902, 916-17 (S.D. Tex. 2010).

[32] See, e.g., *Rendon v. Global Technical Solutions, LLC*, No. 15-242, 2015 WL 8042169, at *9 (E.D. La. Dec. 4, 2015).

[33] See, e.g., *Villareal*, 751 F.Supp.2d at 916.

[34] *Gibson v. NCRC, Inc.*, No. H-10-1409, 2011 WL 2837506, at *7 (S.D. Tex. July 18, 2011); *Detho v. Bilal*, No. H-07-2160, 2008 WL 2962821, at *3 (S.D. Tex. July 29, 2008).

5. **SUMMARY**

In summary, this Court finds that, given the early stage of this litigation and the lenient evidentiary burdens imposed at this early stage, the plaintiffs have sufficiently alleged that there are other similarly-situated individuals who should be notified of his existing lawsuit and afforded an opportunity to opt-in, if they so desire. Because the plaintiff has alleged enough to satisfy his initial burden at this stage, notice may be provided to individuals employed by the defendant within a three-year window preceding the date of the plaintiffs' complaint. Accordingly, conditional certification will be granted.

C. **NOTICE**

The FLSA vests the district court with discretionary authority to facilitate notice to potential plaintiffs.[35] Because the plaintiffs have made the requisite showing for conditional certification, given the number of potential class members and the limited information available to the plaintiffs, this Court finds that this case presents an appropriate situation for the Court to involve itself in the notice process.[36] The plaintiffs propose that notice be sent to all potential class member by First Class

---

[35] 29 U.S.C. § 216(b). See, also, *Lima*, 493 F. Supp. 2d at 800 (citing *Hoffmann-La Roche Inc.*, 493 U.S. at 169).

[36] See *Hoffmann-La Roche, Inc.*, 493 U.S. at 169.

United States Mail and by e-mail and that a reminder notice be sent in the same manner at a later date. Smith argues that using multiple means of notifying the potential class members and sending a reminder notice would suggest to the recipients that the court endorses the plaintiffs' claims and impermissibly encourages notice recipients to join the litigation. In support of this argument, Smith cited to a case in which the court held that reminder notices and recorded telephone messages were unnecessary to effectuate notice.[37] This Court finds the defendant's argument partially persuasive and partially lacking in merit. This Court agrees with the plaintiff that notice by both U.S. Mail and e-mail would be appropriate[38] but concludes that a reminder notice is neither necessary nor appropriate.

Smith also objects to some of the language set forth in the proposed notice and to the short time period allotted in the plaintiffs' proposed calendar for Smith to provide contact information for the putative class members. This Court agrees that the requested ten days is a relatively short time period but is confident that Smith could supply the requested contact information within fourteen days since the geographical area is being significantly reduced.

---

[37] *In re Wells Fargo Wage and Hour Employment Practices Litigation (No. III)*, No. H-11-2266, 2013 WL 2180014, at *3 (S.D. Tex. May 17, 2013).

[38] *Mejia v. Brothers Petroleum, LLC*, No. 12-02842, 2014 WL 3530362, at *4 (E.D. La. July 16, 2014).

When considering the content of such a notice, courts often find that these issues are best resolved by mutual agreement of the parties.[39] Accordingly, this Court recommends that the plaintiffs' request for approval of the proposed notice and consent forms be denied at this time but that the parties be ordered to meet and confer regarding the proposed notice and consent forms and to attempt to resolve any and all disputes in good faith as ordered below.  Should they determine that any such disputes cannot be resolved without judicial guidance, it is recommended that the parties be ordered to contact the undersigned Magistrate Judge for a conference to resolve any remaining sticking points.

## CONCLUSION

For the foregoing reasons,

IT IS RECOMMENDED that the plaintiffs' motion for conditional certification, for approval of a proposed notification to putative class members, and for approval of a proposed consent form (Rec. Doc. 14) should be GRANTED IN PART and DENIED IN PART.  More particularly,

---

[39] See, e.g., *Busby v. Dauterive Contractors, Inc.*, No. 6:14-cv-03366, 2016 WL 430608, at *7 (W.D. La. Feb. 3, 2006); *Banegas v. Calmar Corp.*, No. 15-593, 2015 WL 4730734 at *6 (E.D. La. Aug. 10, 2015); *Perkins v. Manson Gulf, L.L.C.*, No. 14-2199, 2015 WL 771531 at *5 (E.D. La. Feb. 23, 2015).

IT IS RECOMMENDED that the motion should be granted to the extent that this action is conditionally certified as a collective action pursuant to 29 U.S.C. § 216(b), with the plaintiff class defined as "Reamer Hands working for Smith International Inc. in Louisiana, Texas, or the Gulf of Mexico over the past three years who were paid a salary and job bonus."

IT IS FURTHER RECOMMENDED that, in all other respects, the motion should be DENIED.

IT IS FURTHER RECOMMENDED that the defendant should be given fourteen days from the date of the order adopting this report and recommendation to provide the plaintiffs with the names of all potential members of the collective class in an acceptable electronic format, along with their current or last known mailing addresses, e-mail addresses, telephone numbers, and dates of employment.

IT IS FURTHER RECOMMENDED that the parties should be ordered to meet, confer, and thereafter submit to this Court a joint proposed notice and consent form no later than twenty-one days after the date of the order adopting this report and recommendation. If the parties are unable to agree on the content of the proposed notice and consent forms, the parties shall telephone chambers and request a telephone status conference with the undersigned Magistrate Judge.

IT IS FURTHER RECOMMENDED that potential class members should be permitted to opt in to this collective action if: (1) they have mailed, faxed, or e-mailed their consent form to counsel for the class within sixty days after the notice and consent forms are mailed or e-mailed; or (2) they show good cause for any delay.

Signed at Lafayette, Louisiana, on this 5th day of June 2017.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE